**Philip MILESTONE**

v.

**GREEN TREE CORP., a Maryland Corporation.**

**Civ. No. 11714.**

United States District Court
D. Maryland.

May 24, 1960.

Stanley B. Frosh, Silver Spring, Md., for plaintiff.

Kenneth C. Proctor, Richard A. Reid and R. Taylor McLean (Proctor, Royston & Mueller) Towson, Md., for defendant.

THOMSEN, Chief Judge.

This case involves questions of (1) how the accident really happened, (2) negligence and contributory negligence, (3) *respondeat superior*, and (4) extent of injuries and damages.

Plaintiff, Philip Milestone, was 64 years of age in August 1958. He lived with his wife and his son, David. He had one daughter, married to Maurice Berg.

Plaintiff had been active in various businesses before he suffered a series of heart attacks beginning in 1951. While David was in the service, plaintiff had managed David's real estate business, but thereafter his activities had tapered off, and since his heart attacks he has done little work except as an insurance agent handling business arising out of the family operations and as president or chairman of the board of a savings and loan association in which the family is interested.

David and Berg are active in real estate development, and in building and carpentry contracting businesses, among others. They have organized and now operate a half dozen or more separate corporations, in which various members of the family, including plaintiff's wife but not plaintiff, own the stock in varying proportions. For example, David owns a majority of the stock of defendant Green Tree Corporation and is a director thereof but not an officer. Berg is its president. At some time not specified in the evidence, David entered into a contract with that corporation providing for a building fee, a flat amount of money for managing, supervising and sales promotion work. He could not remember whether he entered into the contract before or after the accident. The arrangements with respect to officers, building fee contracts, etc. vary from corporation to corporation, evidently for tax purposes.

From time to time David and Berg consult with plaintiff about matters of business policy and the design of houses in which the family is interested.

On August 11, 1958, Berg asked David and plaintiff to meet him at a house which Green Tree Corporation was building at 8705 Hampstead Ave., Bethesda, Md., to discuss the proposed division of a first floor room into two rooms, by erecting a partition across the middle of the room. David drove plaintiff to the house, arriving about 7 p. m. Berg did not show up, and after waiting a few minutes for him, plaintiff entered the house through an opening in one of the walls, and joined David in the first floor room under discussion. The subflooring had been laid and the studding was up, but there was no plaster on the walls. David removed the boards from around an open stair well, so that they could measure more accurately the location of the proposed partition. They discussed whether the partition should run on one side or the other of a grill in one of the side walls, a foot or two from the stair well, and David suggested that they measure on the floor the several proposed locations. He held the ring end of a metal tape against one of the end walls, while plaintiff, holding the reel end, backed off to measure various distances. In taking each measurement, plaintiff crouched down on one knee, holding the tape taut on the floor.

There is conflict and confusion between the statements originally given by plaintiff and David and their testimony on deposition. Neither side called either of them as a live witness. There is evidence that while plaintiff was crouched down near the stair well, David unexpectedly let go of his end of the tape, causing plaintiff to fall backward into the stair well. On the other hand, the original statements given by plaintiff and by David indicate that plaintiff had backed into the stair well while making successive measurements ever closer thereto. I find that plaintiff has not met the burden of proof that his fall was caused by David's releasing his end of the metal tape. I do not believe that a person kneeling in the position plaintiff was kneeling would have been caused to fall backward by the release of the slight tension which would exist in a metal tape lying on the floor. Plaintiff's likening of the situation to a "tug of war" is not persuasive. Moreover, I find it probable on a consideration of all the evidence, that plaintiff merely backed into the stair

well. Plaintiff has not shown that his injury was caused by any act of David, and does not contend that there was any other negligence chargeable to defendant aside from the alleged negligence of David.

Even if his later story were accepted as true, it would be a close question whether David's release of his end of the tape should be considered negligent. Restatement of Torts, sec. 281; Palsgraf v. Long Island R. R. Co., 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253; and State, for Use of Aronoff v. Baltimore Transit Co., 197 Md. 528, 80 A.2d 13. And if David were held to be negligent, plaintiff's claim would be barred by his own contributory negligence, since he must have been as well aware as David of any tautness in the tape, and knew or should have known that he was crouching down with his back near the open stair well.

Plaintiff would also have to show that defendant Green Tree Corporation would be responsible for David's negligence. Under the circumstances set out above David was not such a servant or agent of that corporation as would make it liable for his alleged negligence. A corporation is not liable for the torts of its stockholders as such. David had arranged that he should not be an officer or servant of the defendant corporation. Neither Berg, its president, nor the corporation had any "right to control and direct [David] in the performance of his work and the manner in which the work was to be done". Keitz v. National Paving & Contracting Co., et al., 214 Md. 479, 491, 134 A.2d 296, 301, 136 A.2d 229; Greer Lines Co., et al. v. Roberts, 216 Md. 69, 139 A.2d 235; Restatement of Agency, 2d, sec. 220; Fletcher Cyclopedia Corporations, secs. 33, 4877, 4890.

For each of the foregoing reasons, judgment must be entered in favor of the defendant, and it is not necessary to decide the amount of damages to which plaintiff would otherwise be entitled.

Judgment for defendant, with costs.